FORM 104 (10/06)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Deborah Ann Swanson | DEFENDANTS<br>Ocwen Loan Servicing & Strategic Recovery Group |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>James A. Flexer, 176 2nd Ave. N. Ste 501, Nashville, TN 37201, (615) 255 2893 | **ATTORNEYS** (If Known)<br>n/a |
| **PARTY** (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
COMPLAINT TO DETERMINE THE EXTENT, PRIORITY, AND VALIDITY OF THE LIEN OF OCWEN LOAN SERVICING AND STRATEGIC RECOVERY GROUP

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – reinstatement of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Deborah Ann Swanson | | | BANKRUPTCY CASE NO.<br>13-08006 |
| DISTRICT IN WHICH CASE IS PENDING<br>Middle District of Tennessee | DIVISIONAL OFFICE<br>3 | | NAME OF JUDGE<br>Lundin |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

/s/ James A. Flexer

Digitally signed by /s/ James A. Flexer
DN: CN = /s/ James A. Flexer, C = US, O = The Law Offices of James A. Flexer, OU = Attorney at Law
Date: 2008.05.06 09:47:15 -05'00'

DATE 05/23/2014

PRINT NAME OF ATTORNEY (OR PLAINTIFF)
James A. Flexer, Attorney at Law

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE:<br><br>DEBORAH ANN SWANSON<br>SSN: xxx-xx-6461<br><br>Debtor,<br><br>Deborah Ann Swanson,<br><br>Plaintiff,<br><br>v.<br><br>Ocwen Loan Servicing and Strategic Recovery Group,<br><br>Defendants. | }<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>} | Case No. 3:13-bk-08006<br>Chapter 13<br><br>Judge Keith M. Lundin<br><br><br><br><br><br>Adv. Proc. No. _____ |

## COMPLAINT TO DETERMINE THE EXTENT, PRIORITY AND VALIDITY OF THE LIEN OF OCWEN LOAN SERVICING AND STRATEGIC RECOVERY GROUP

COMES NOW the Debtor/Plaintiff (hereinafter the "Debtor"), by and through counsel, pursuant to Fed.R.Bankr.P. § 7001(2) and for cause of action against Defendants, Ocwen Loan Servicing and Strategic Recovery Group, (hereinafter the "Defendants"), would state and show the following:

### JURISDICTION AND VENUE

1. Jurisdiction over this cause is proper pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue over this cause is conferred by 28 U.S.C. §§ 1408 and 1409.

3. This cause is a core proceeding and is a Complaint to Determine the Extent, Priority and Validity of the Lien of the Defendants.

## FACTS AND CAUSE OF ACTION

4. The Debtor filed a Chapter 13 bankruptcy proceeding, case number 3:13-bk-08006 on September 12, 2013. A Chapter 13 Plan was subsequently confirmed on November 27, 2013.

5. The Defendant, Ocwen Loan Servicing, was listed on the original bankruptcy petition on Schedule D as a creditor holding a mortgage secured claim by a second deed of trust on the subject property located at 1288 Cheyenne Blvd., Madison, TN 37115, Davidson County.

6. The Debtor scheduled Ocwen Loan Servicing for an estimated liability in the amount of $8,754.00 with a continuing monthly payment of $82.00 and a pre-petition arrearage of approximately $246.00 to be paid in full with 0% interest as a Class II claimant.

7. The Defendant Ocwen Loan Servicing received or should have received notice of the opportunity to file a proof of claim in the bankruptcy and notice that the bar date for filing a proof of claim was January 20, 2014.

8. Despite receiving notice of the bankruptcy and opportunity to file a proof of claim, Defendant Ocwen Loan Servicing failed to file a timely proof of claim. The Debtor's counsel filed a proof of claim on behalf of the Defendant Ocwen Loan Servicing pursuant to Fed.R.Bankr.P. § 3004 on January 21, 2014.

9. On January 29, 2014, the Chapter 13 Trustee, Henry Edward Hildebrand III, filed a motion to disallow the proof of claim filed by the Debtors on the grounds that the claim did not comply with 11 U.S.C. § 502(b)(1) or Fed.R.Bankr.P. § 3001.

10. On February 5, 2014, Debtor's Counsel filed an objection to the Trustee's Motion to Disallow.

11. On February 21, 2014, a representative from Defendant Strategic Recovery Group contacted the Debtor's Counsel and indicated that this loan is unsecured.

12. On March 17, 2014, the Honorable Keith M. Lundin signed an order granting the Trustee's Motion to Disallow claim number 19 of Ocwen Loan Servicing that was filed by Debtor's counsel.

**DEFENDANT'S LIEN IS VOID PURSUANT TO 11 U.S.C. § 506(d)**

13. Pursuant to 11 U.S.C. § 506(d), to the extent that a lien secures a claim against the Debtor that is not an allowed secured claim, such lien is void, unless such claim was disallowed only under 11 U.S.C. § 502(b)(5) or § 502(e) of this title; or such claim is not an allowed secured claim due only to the failure to any entity to file a proof of claim under Section 501 of this title.

14. The Defendants have failed to provide proof of an allowed secured claim against the Debtor.

15. Said claim that was filed on behalf of the Defendant Ocwen Loan Servicing was disallowed under 11 U.S.C. § 502(b)(1) and as such, pursuant to 11 U.S.C. § 506(d), the lien of Ocwen Loan Servicing and/or Strategic Recovery Group should be declared void and the lien released.

16. The Defendants have failed to file any motion under Fed.R.Bankr.P. § 3008 to reconsider the disallowance of the claim and, as such, should be estopped at this time from doing so.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED** Debtors demand as follows:

17. That the Debtor be granted permission to file this Complaint, and that proper process issue and Defendants be required to file an Answer within the time allowed under applicable law.

18. That lien of the Defendants, Ocwen Loan Servicing and Strategic Recovery Group, secured by a second deed of trust on property located at 1288 Cheyenne Blvd., Madison, TN 37115, Davidson County, shall be declared void pursuant to United States Bankruptcy Code § 506(d) and the lien shall be released.

19. That the Law Offices of James A. Flexer, attorney for the Plaintiff, be allowed to submit an application for additional attorney fees in the Debtor's associated Chapter 13 case for the prosecution of this matter, as it is beneficial to the Bankruptcy Estate and the creditors in the Debtor's Chapter 13 bankruptcy.

20. The Debtor further prays for other general relief as deemed just by the Court.

Respectfully submitted,
/s/ *James A. Flexer*
James A. Flexer, BPR #9447
Attorney for Debtor
Law Offices of James A. Flexer
176 2nd Avenue North, Suite 501
Nashville, TN 37201
(615) 255-2893
Email: cm-ecf@jamesflexerconsumerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on 5/23/2014, I furnished a true and correct copy of the foregoing to the following parties in interest (additional notice sent via electronic mail to Trustee and U.S. Trustee):

| | |
|---|---|
| Henry E. Hildebrand, III<br>Chapter 13 Trustee, P.O. Box 190664<br>Nashville, TN 37219-0664 | Electronic |
| Samuel K. Crocker, U.S. Trustee<br>318 Customs House, 701 Broadway<br>Nashville, TN 37203 | Electronic |
| Deborah Ann Swanson<br>1288 Cheyenne Blvd.<br>Madison, TN 37115 | U.S. mail first class |
| Ocwen Loan Servicing<br>3451 Hammond Avenue<br>Waterloo, IA 50702 | U.S. mail first class |
| Ocwen Loan Servicing<br>1661 Worthington Rd.<br>Suite 100<br>West Palm Beach, FL 33409 | U.S. mail first class |
| Corporation Service Company<br>Registered Agent, Ocwen Loan Servicing<br>2908 Poston Avenue<br>Nashville, TN 37203-1312 | U.S. mail first class<br>Certified Mail<br>Return Receipt Requested |
| CT Corporation System<br>Registered Agent, Ocwen Mortgage Servicing<br>800 S. Gay Street<br>Suite 2021<br>Knoxville, TN 37929 | U.S. mail first class<br>Certified Mail<br>Return Receipt Requested |
| Ronald M. Farris<br>President/CEO<br>2002 Summit Blvd.<br>6th Floor<br>Atlanta, GA 30319 | U.S. mail first class<br>Certified Mail<br>Return Receipt Requested |

| | |
|---|---|
| Strategic Recovery Group<br>7668 Warren Parkway<br>Ste. 325<br>Frisco, TX 75034 | U.S. mail first class |
| CT Corporation System<br>Registered Agent, Strategic Recovery Group<br>800 S. Gay St.<br>Ste. 2021<br>Knoxville, TN 37929-9710 | U.S. mail first class<br>Certified Mail<br>Return Receipt Requested |
| Julie Delahoussaye<br>Vice President, Strategic Recovery Group<br>7668 Warren Parkway<br>Ste. 325<br>Frisco, TX 75034 | U.S. mail first class<br>Certified Mail<br>Return Receipt Requested |

I have sent out 8 notices. I have mailed 6 notices.

/s/ *James A. Flexer*
James A. Flexer